**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:                     x   Chapter 11

JOSEPH KLAYNBERG,        :   Case No. 22-10165 (MG)

        Debtor.            x

SERIES 2020A OF NAHLA CAPITAL LLC,   :

        Plaintiff,          :   Adv. Pro No. 23-01142 _____ (MG)

          v.            :

JOSEPH KLAYNBERG,        :

        Defendant.         :

                                 x

## <u>Jury Trial Requested</u>

*(stamp)* FILED U.S. BANKRUPTCY COURT 2023 AUG 21 A 11: 49 S.D.N.Y.

## <u>ANSWER TO COMPLAINT OBJECTING TO DISCHARGE</u>

Defendant and Debtor Joseph Klaynberg ("Defendant") as and for his answer and affirmative defenses to the Complaint Objecting to Discharge dated and filed on July 19, 2023 ("Complaint") by Plaintiff Series 2020A of Nahla Capital, LLC ("Nahla") respectfully states as follows:

### <u>NATURE OF THE ACTION</u>

1.     Defendant denies the allegations in paragraph 1 of the Complaint.

2.     The allegations contained in paragraph 2 of the Complaint state legal conclusions concerning the nature of the case, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in paragraph 2 of the Complaint and denies that Nahla is entitled to the relief sought.

### <u>THE PARTIES</u>

3.     Defendant admits the allegations in paragraph 3 of the Complaint.

4.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint.

5.    Defendant admits the allegations in paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.    Defendant admits the allegations in paragraph 6 of the Complaint.

7.    The allegations contained in paragraph 7 of the Complaint state legal conclusions to which no response is required.

8.    The allegations contained in paragraph 8 of the Complaint state legal conclusions to which no response is required.

9.    The allegations contained in paragraph 9 of the Complaint state legal conclusions to which no response is required.

10.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint.

## FACTUAL ALLEGATIONS

### A. The Debtor Guaranties a Loan Held by Nahla

11.    In response to Paragraph 11 Defendant admits that he was involved in the commercial and development business, but otherwise denies the allegation.

12.    Defendant admits the allegations in paragraph 12 of the Complaint.

13.    Defendant admits the allegations in paragraph 13 of the Complaint.

14.    Defendant admits the allegations in paragraph 14 of the Complaint.

15.    Defendant admits the allegations in paragraph 15 of the Complaint.

16.    Defendant admits the allegations in paragraph 16 of the Complaint.

17.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint.

18.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Complaint.

**B. Nahla Exercises Remedies Following Defaults.**

19.    Defendant denies the allegations in paragraph 19 of the Complaint, except admits that Mezz Borrower defaulted on the Loan due to delay in scheduled monthly payment on the Loan and entered into settlement discussions and forbearance agreement on January 31, 2020.

20.    Defendant denies the allegations in paragraph 20 of the Complaint, except admits that Mezz Borrower defaulted on the Loan and Forbearance Agreement on April 6th, 2020 (at the height of the "Covid" Pandemic, with all the businesses closed at that time.)

21.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 of the Complaint.

22.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Complaint, except admits that the Notification of Disposition of Collateral was sent on October 1, 2020.

23.    Defendant admits the allegations as set forth in Paragraph 23 of the Complaint.

24.    Defendant denies the allegations in paragraph 24 of the Complaint, except admits that the Pledged Collateral was purchased by Nahla for $5 Million.

25.    In response to Paragraph 25 Defendant admits that the Mezz Borrower unsuccessfully challenged the reasonableness of the UCC Sale but otherwise respectfully refers this Court to the NY Court decision for its content as said decision speaks for itself.

26.    Defendant admits the allegations in paragraph 26 of the Complaint.

27.    In response to Paragraph 27 of the complaint, Defendant admits that the decision was rendered by the NY Court, but otherwise refers to this Court for its content, as it speaks for itself.

28.     Defendant admits the allegations in Paragraph 28 of the Complaint.

**C. The Debtor Implements His Assets Protection Scheme.**

29.     Defendant denies the allegations in paragraph 29 of the Complaint.

30.     Defendant denies the allegations in paragraph 30 of the Complaint.

**1.    The Debtor's Divorce and Separation Agreement**

31.     Defendant admits the allegations in paragraph 31 of the Complaint.

32.     Defendant admits the allegations in paragraph 32 of the Complaint.

33.     Defendant denies the allegations in paragraph 33 of the Complaint, except admits that Defendant and his ex-wife separated in January of 2017, but did not file for divorce at that time.

34.     Defendant denies the allegations in paragraph 34 of the Complaint.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.     In response to Paragraph 36 Defendant admits Defendant admits that he retained Dina DeGiorgio as a matrimonial counsel.

37.     Defendant admits the allegations in paragraph 37 of the complaint.

38.     Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint.

39.     Defendant admits the allegations in paragraph 39 of the Complaint.

40.     Defendant denies the allegations in paragraph 40 of the Complaint.

41.     Defendant denies the allegations in paragraph 41 of the Complaint.

42.     Defendant denies the allegations in paragraph 42 of the Complaint, except alleging that Defendant discussed and tried to negotiate with Emily more than one settlement scenarios.

- 4 -

43.    Defendant denies the allegations set forth in Paragraph 43 of the Complaint, except admits that the scenario mentioned in Paragraph 42 of the Complaint was one of scenarios included in the spreadsheet.

44.    Defendant denies the allegations in paragraph 44 of the Complaint, except admits that it was one of scenarios of distributions that contained the Note included in Paragraph 44 of the complaint.

45.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint.

46.    Defendant admits the allegations in paragraph 46 of the Complaint.

47.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 of the Complaint.

48.    In response to Paragraph 48 of the complaint, Defendant admits that the Separation Agreement addressed division of assets, but respectfully refers this Court to the Separation Agreement for its content.

49.    In response to Paragraph 49 of the Complaint, Defendant admits that the Separation Agreement provided for the distribution of cash, but respectfully refers this Court to the Separation Agreement for its content.

50.    Defendant admits the allegations in paragraph 50 of the Complaint and respectfully refers this Court to the Separation Agreement for its content.

51.    Defendant admits the allegations in paragraph 51 of the Complaint.

52.    Defendant denies the allegations in paragraph 52 of the Complaint.

53.    Defendant admits the allegations in paragraph 53 of the Complaint.

54.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 of the Complaint.

55.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55, except admits that Defendant did not publicly announce a divorce.

**2. The Debtor and Emily Fail to adhere to the Separation Agreement.**

56.    Defendant denies the allegations in paragraph 56 of the Complaint except admits that Defendant did not timely adhere to certain terms of the Separation Agreement.

57.    Defendant admits the allegations in paragraph 57 of the Complaint.

58.    Defendant admits the allegations in paragraph 58 of the Complaint.

59.    Defendant denies the allegations in Paragraph 59 of the Complaint.

**3. The Debtor and Emily Continue to Use Joint Account.**

60.    Defendant admits the allegations in paragraph 60 of the Complaint.

61.    Defendant admits the allegations in paragraph 61 of the Complaint.

62.    Defendant admits the allegations in paragraph 62 of the Complaint.

63.    Defendant admits the allegations in paragraph 63 of the Complaint.

64.    Defendant admits the allegations in paragraph 64 of the Complaint.

65.    Defendant admits the allegations in paragraph 65 of the Complaint.

66.    Defendant admits the allegations in paragraph 66 of the Complaint and alleges that Wonder Works Employee Stock Ownership Plan had over 40 beneficiaries.

67.    Defendant admits the allegations in paragraph 67 of the Complaint.

68.    In response to Paragraph 68 of the Complaint, Defendant admits that his name was taken off the account in accordance with the terms of the Separation Agreement.

69.    Defendant denies the allegations in paragraph 69 of the Complaint.

70.    Defendant denies the allegations in paragraph 70 of the Complaint and alleges that Defendant's interest in account was transferred under the terms of the Separation Agreement.

71.    In response to Paragraph 71 of the Complaint, Defendant admits that the account **5497 continued jointly but had no knowledge of the existence of the **7457 account.

72.    Defendant admits the allegations in paragraph 72 of the Complaint.

73.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 of the Complaint.

74.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74 of the Complaint since he had no knowledge of the existence of the **7457 Bank Account.

75.    Defendant denies the allegations in paragraph 75 of the Complaint, except admits that AMEX points (total value of $972.60) were used to obtain tickets for AMEX Travel on February 23rd, 2022, and the Wonder Works did not need any permission to use points to purchase travel tickets.

**4. The WW Spectra Transfers**

76.    Defendant denies the allegations in paragraph 76 of the Complaint.

77.    Defendant denies the allegations in paragraph 77 of the Complaint.

78.    Defendant admits the allegations in paragraph 78 of the Complaint.

79.    Defendant admits the allegations in paragraph 79 of the Complaint.

80.    Defendant denies the allegations in paragraph 80 of the Complaint, except admits that WW Spectra paid certain expenses on his behalf since his personal bank accounts were restrained.

**(i) The Debtor Transfers of Equity in WW Spectra to Daniel**

81.    Defendant admits the allegations in paragraph 81 of the Complaint.

82.    Defendant denies the allegations in paragraph 82 of the Complaint.

**(ii) The Debtor Backdates Transfers of Equity in Spectra 101 and Spectra 111 to Klaynberg Family Group.**

83.    Defendant admits the allegations in paragraph 83 of the Complaint.

84.    Defendant admits the allegations in paragraph 84 of the Complaint.

85.    In response to Paragraph 85 of the Complaint, Defendant admits that he held a 10% interest in KFG and respectfully refers to the Court to the Trust for its content.

86.    Defendant denies the allegations in paragraph 86 of the Complaint.

87.    Defendant denies the allegations in paragraph 87 of the Complaint.

88.    Defendant denies the allegations in paragraph 88 of the Complaint.

89.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89 of the Complaint Defendant denies the allegations in paragraph 89 of the Complaint, but averse that the K-1s and Tax Returns for 2020 and 2021 reflect assignment as of 2020.

**(iii) the Debtor makes transfers to and from WW Spectra for the benefit of Daniel**.

90.    Defendant admits the allegations in paragraph 90 of the Complaint.

91.    Defendant admits the allegations in paragraph 91 of the Complaint.

92.    Defendant denies the allegations in paragraph 92 of the Complaint, except admits that Daniel Klaynberg received salaries/bonuses/management Fees from WW Spectra since 2017.

93.    Defendant denies the allegations in paragraph 93 of the Complaint, except admits that Daniel Klaynberg received salaries/bonuses/management fees from WW Spectra since 2017.

94.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94 of the Complaint except admits that that two wire transfers in the total amount of $81,270 were made to Spectra Development, LLC

95.    Defendant denies the allegations in paragraph 95 of the Complaint.

96.    Defendant denies the allegations in paragraph 96 of the Complaint, except admits that transfers total of $114,000 were made to Spectra 275, LLC between August and November of 2021

and recorded as a Loan in the company QuickBooks to be used in a potential development project but was entirely returned in January of 2022 because the project did not move forward.

97.    Defendant denies the allegations in paragraph 97 of the Complaint, except admits that transfers total of $100,000 were made to Spectra 525, LLC between August and October of 2021 and recorded as a Loan in the company QuickBooks to be used in a potential development project but was entirely returned in January of 2022 because the project did not move forward.

98.    Defendant denies the allegations in paragraph 98 of the Complaint.

99.    Defendant denies the allegations in paragraph 99 of the Complaint.

100.    Defendant denies the allegations in paragraph 100 of the complaint.

101.    Defendant denies the allegations in paragraph 101 of the Complaint, except admits that transfers and assignment of the purchase agreement took place prior to closing on the acquisition.

102.    In response to the allegations contained in Paragraph 102 of the Complaint, Defendant avers that the address mentioned there is used as a mailing address for various entities managed by Daniel Klaynberg, and the apartment is leased to one of his entities to accommodate out-of-state employees.

**5. The JDL Spectra Transfers**

103.    Defendant denies the allegations in Paragraph 103 of the Complaint.

104.    Defendant denies the allegations in paragraph 104 of the Complaint.

105.    Defendant denies the allegations in paragraph 105 of the Complaint.

106.    Defendant denies the allegations in paragraph 106 of the Complaint.

107.    Defendant denies the allegations in paragraph 107 of the Complaint.

**6. The Debtor's Cash Gifts to Friends and Family**

108.    Defendant denies the allegations in paragraph 108 of the Complaint, except admits that he made gifts to his sons and girlfriend.

109.    Defendant admits the allegations in paragraph 109 of the Complaint.

110.    Defendant admits the allegations in paragraph 110 of the Complaint.

111.    Defendant admits the allegations in paragraph 111 of the Complaint.

**D. The Debtor's Bankruptcy Case.**

112.    Defendant admits the allegations in paragraph 112 of the Complaint.

113.    Defendant admits the allegations in paragraph 113 of the Complaint.

114.    Defendant admits the allegations in paragraph 114 of the Complaint.

115.    Defendant admits the allegations in paragraph 115 of the Complaint.

116.    In response to the allegations contained in Paragraph 116 of the Complaint, Defendant admits that the Court granted Nahla's Motion and respectfully refers to the Court to that decision for its content.

117.    Defendant admits the allegations in paragraph 117 of the Complaint.

118.    Defendant admits the allegations in paragraph 118 of the Complaint.

119.    Defendant admits the allegations in paragraph 119 of the Complaint.

120.    In response to the allegations contained in Paragraph 120 of the Complaint, Defendant respectfully refers  the Court to the Plan for its content.

121.    Defendant admits the allegations in paragraph 121 of the Complaint.

**E. The Debtor Submits False Testimony in Connection With The Bankruptcy Case.**

**1.   September 7, 2022, Affidavit**

122.    Defendant admits the allegations in paragraph 122 of the Complaint.

123.    Defendant denies the allegations in paragraph 123 of the Complaint.

124.    Defendant denies the allegations in paragraph 124 of the Complaint.

125.    Defendant denies the allegations in paragraph 125 of the Complaint.

126.    Defendant denies the allegations in paragraph 126 of the Complaint.

127.    Defendant denies the allegations in paragraph 127 of the Complaint.

128.    In response to the allegations contained in Paragraph 128 of the Complaint, Defendant denies that there was not lender consent to the sale, but otherwise refers to the Court to the decision for its content.

129.    Defendant denies the allegations in paragraph 129 of the Complaint.

130.    Defendant denies the allegations in paragraph 130 of the Complaint and refers the Court to the decision for its content.

**2. The Lar-Dan Affidavits and Schedules**

131.    Defendant denies the allegations in paragraph 131 of the Complaint.

132.    Defendant admits the allegations in paragraph 132 of the Complaint.

133.    Defendant admits the allegations in paragraph 133 of the Complaint.

134.    Defendant denies the allegations in paragraph 134 of the Complaint.

135.    Defendant denies the allegations in paragraph 135 of the Complaint.

136.    Defendant denies the allegations in paragraph 136 of the Complaint.

137.    Defendant denies the allegations in paragraph 137 of the Complaint.

138.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 138 of the Complaint.

139.    Defendant admits the allegations in paragraph 139 of the Complaint.

140.    Defendant admits the allegations in paragraph 140 of the Complaint.

141.    Defendant denies the allegations in paragraph 141 of the Complaint and avers that he did not have the information showing the money owing to the Debtor until a later date.

142.    Defendant admits the allegations in paragraph 142 of the Complaint.

143.    Defendant denies the allegations in paragraph 143 of the Complaint.

144.    Defendant denies the allegations in paragraph 144 of the Complaint.

145.    Paragraph 145 of the Complaint does not require a response.

### Answering the Count I of Action.

146.    Defendant repeats and restates each and every response to paragraphs 1 through 145 of the Complaint as set forth at length herein.

147.    Defendant admits the allegations in paragraph 147 of the Complaint.

148.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 148 of the Complaint.

149.    Defendant denies the allegations in paragraph 149 of the Complaint.

150.    Defendant denies the allegations in paragraph 150 of the Complaint.

151.    In response to the allegations contained in Paragraph 151 of the Complaint, Defendant admits that his name could not be removed from the account as required by the Separation Agreement until the account was unfrozen.

152.    Defendant denies the allegations in paragraph 152 of the Complaint.

153.    Defendant denies the allegations in paragraph 153 of the Complaint.

154.    Defendant admits the allegations in paragraph 154 of the Complaint.

155.    Defendant denies the allegations in paragraph 155 of the Complaint.

156.    Defendant denies the allegations in paragraph 156 of the Complaint.

157.    Defendant denies the allegations in paragraph 157 of the Complaint.

158.    Defendant denies the allegations in paragraph 158 of the Complaint.

159.    Defendant denies the allegations in paragraph 159 of the Complaint.

### Answering the Count, II of Action.

160.    Defendant repeats and restates each and every response to paragraphs 1 through 159 of the Complaint as set forth at length herein.

161.    Defendant admits the allegations in paragraph 161 of the Complaint.

162.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 162 of the Complaint.

163.    Defendant denies the allegations in paragraph 163 of the Complaint.

164.    Defendant denies the allegations in paragraph 164 of the Complaint.

165.    Defendant denies the allegations in paragraph 165 of the Complaint.

166.    Defendant denies the allegations in paragraph 166 of the Complaint.

167.    Defendant denies the allegations in paragraph 167 of the Complaint.

168.    Defendant denies the allegations in paragraph 168 of the Complaint.


**Answering the Count III of Action.**

169.    Defendant repeats and restates each and every response to paragraphs 1 through 168 of the Complaint as set forth at length herein.

170.    Defendant admits the allegations in paragraph 170 of the Complaint.

171.    Defendant denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 171 of the Complaint.

172.    Defendant denies the allegations in paragraph 172 of the Complaint.

173.    Paragraph 173 of the Complaint does not require a response.

# AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff is barred from relief because the Complaint and each of the purported causes of action set forth therein fail to allege facts sufficient to state a plausible claim for relief against Defendant.

### Second Affirmative Defense

The Defendant did not transfer or conceal property of the Debtor.

To the extent that property of the Defendant was not identified in his schedules, it was inadvertent and without intent to hinder, delay or defraud Nahla or any other creditor.

### Third Affirmative Defense

Any transfers of property by the Defendant prior to the bankruptcy filing were for legitimate business purposes and not with intent to hinder, delay or defraud Nahla or any other creditor.

### Fourth Affirmative Defense

Since the Defendant may engage in business after the bankruptcy, the Plaintiff cannot establish its causes of action.

### Fifth Affirmative Defense

The Defendant did not make any false oath and accounting in the bankruptcy case.

To the extent that the Defendant misspoke in his case, it was inadvertent and without intent.

### Sixth Affirmative Defense

Plaintiff's claims are barred as a matter of law.

# Reservation of Rights and Non-Waiver

Defendant reserves all rights to assert any and all additional defenses that may become known through discovery. Defendant also reserves the right to amend or supplement this answer based on further formal or informal discovery and/or in response to any amendments or supplements to the Complaint made by Plaintiff, and for any such amendments or supplements to the answer to relate back to the filing of the original answer.

The filing of this pleading is not intended to waive Defendant's (a) right to consent the subject matter or personal jurisdiction of this Bankruptcy Court with respect to Defendant; (b) right to have final orders in non-core matters entered only after de novo review by a United States District Court; and (c) right to have the reference withdrawn by a United States District Court in any subject to mandatory or discretionary withdrawal. Accordingly, this pleading should not be construed as a waiver of any such rights.

## CONSENT TO ENTRY OF FINAL ORDERS OR JUDGMENT

Defendant does consent to entry of final orders or judgment by the Bankruptcy Court.

# PRAYER FOR RELIEF

WHEREFORE, I Joseph Klaynberg, the Debtor in addition to the foregoing denials and answers to each

paragraph above, I respectfully requests that the Court (a) dismiss the Complaint entirely and (b) grant

such further relief as this Court deems just or proper.


Respectfully submitted,


Joseph Klaynberg, The Debtor - Defendant

Signed this 21th day of August 2023.

Address: 8 East 48th Street New York, NY 10017
Telephone Number: (917) 217-6190

Dated: August 21st, 2023
New York, NY


**Joseph Klaynberg**

Debtor and Defendant

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
In re:                                              x  Chapter 11  U.S. BANKRUPTCY COURT
                                                    :
JOSEPH KLAYNBERG,                                   :  Case No. 22-10165 (MG) 21  A 11: 49
                                                    :
            Debtor.                                 x            S.D.N.Y.
_____            :
SERIES 2020A OF NAHLA CAPITAL LLC,                  :            23~01142
                                                    :
            Plaintiff,                              :  Adv. Pro No. _____ (MG)
                                                    :
      v.                                            :
JOSEPH KLAYNBERG,                                   :
                                                    :
            Defendant.                              :
                                                    :
_____            :
                                                    x  **JURY TRIAL DEMANDED**


Please take notice that the undersigned

**Joseph Klaynberg** hereby appears Pro-Se in the above captioned matter and that all future
correspondence and papers in connection with this action are to be directed to the
undersigned.


Dated: August 21st, 2023
        New York, New York




                                    _____
                                    Signature

                                    **8 East 48th Street, Apartment 4C**
                                    Address
                                    **New York, NY**
                                    City, State, Zip Code

                                    **(917) 217-6190**
                                    Telephone Number